Yeah, please the court Kyle Russell with the Jackson Lewis law firm on behalf of the defendant Helen prime lending I'm gonna make three points mainly this morning number one is that there is a Delegation provision in the arbitration clause that's at issue here that the plaintiff has not separately Challenged on grounds separate from their challenge to the agreement as a whole The result the court should deem the facially valid delegation provision to be enforceable number one Number two, even if the court concludes that the plaintiff has properly made a separate challenge to the delegation provision The delegation provision should be enforced without further action Because there's no dispute that a process between the two parties was concluded that includes the document at issue I'll go into more detail and then finally in third if the court does reach the issue of whether there was acceptance offer acceptance and consideration Under Missouri law the court should this court should reverse the order of the district court denying the motion to compel arbitration and find that those three elements do Exist and because in part the district court's order appears to be premised at least in large part on at least two factual statements that can be demonstrably refuted Respectfully with a with a review of the record and specifically the document in question Counsel, you know in in your framing I think you got at this but I want to ask about it directly in some ways this this case presents sort of a chicken-and-egg problem, which is that What governs here do background principles of law govern in the sense that you need to have offer acceptance? Consideration before the delegation or the arbitration provision is enforceable or does the delegation provision? Which says that the formation the contract including offer acceptance consideration goes to the arbitrator to decide But I'm trying to figure out how how to take two Preliminary sort of antecedent points and blend them together and that's I think the difficulty of this case I think that's the key question in the case and I think if the law were extremely clear on that We probably wouldn't be here But I think footnote two in the Renner Center case the Supreme Court Renner Center case Provides a clue because it talks about the difference between the validity of a contract which the court May not have the authority to determine if there's a delegation provision versus whether a contract was concluded It doesn't say formed which formation issues can be delegated to the arbitrator. It says concluded, right? So I Would go somewhere in between there. What does that mean formation versus conclusion? Well contract formation issues are what we're talking about offer acceptance consideration Those are very typical contract formation issues and both the Renner Center case the Pinkerton case Decided by the Missouri Supreme Court and the recently decided sores versus Easterseal case in the Missouri Supreme Court I'll make it very clear that formation issues can be delegated to the arbitrator This if they're properly included in a delegation provision the problem I'm having with this is the Supreme Court is also repeatedly stood in cases like AT&T versus Concepcion that General contract principles apply I mean the Federal Arbitration Act says that and so I guess my question for you is if general contract principles apply Shouldn't we need offer acceptance and consideration before we ever get to the question of whether they're Whether the delegation provision or the arbitration provision are valid in other words if they never agreed at all To go to arbitration because they didn't agree to the contract or those provisions isn't the case over under generally applicable principles I think without the delegation provision. That's definitely true. I think the footnote in the Renner Center case that talks about conclusion Gives a little different view and in that there's no dispute in this case that there was a process that was concluded There's no dispute that that process involved an act by the company of presenting this series of documents to all of its employees including Miss Shockley an Act by Miss Shockley of going through the process that was required and clicking at the end of the process Clicking the icon that made the document counsel if you're gonna say click I got to tell you sure as I understand Miss White's and that's that's your that's our best evidence, right? It's Miss White's evidence of how the clicking works. You don't have to ever click on this arbitration, right? You click through for superior at the margin icons And you never ever get to the arbitration right one of the icons that you're required to click on Is is the prime lending handbook addendum and when you do that There's a pop-up that comes up with a link that allows you to open the entire We have two opportunities in this process to open the entire 12 page PDF If you don't click on that, you never see it and you get a check out without ever seeing you can't Along with many many other cases and force, you know They call it browse wrap Agreements where you're never required to click on the actual terms and conditions in order for them to be enforced Well, and there's a there's a there's another issue here Which is my understanding of the way this work does not only do you specifically click not specifically click on the delegation provision? But you just say that you've reviewed it kind of like, you know employees have to review You know a policy or something like that You don't have to say I accept the terms and conditions of any of the things you're clicking That's correct by clicking at the end. The employee acknowledges that they've completed their review of the policies So whether she remembers reviewing it or not, she's acknowledging that she's reviewed it There's no also no dispute that part of that process includes a document that has contractual language in it It's not a suggestion and I agree what's the contractual language you refer to it's in It's in the arbitration clause and it says I agree the company you and the company agree To and and that's one of the factual errors in the district courts opinion The district court said no can no such contract. So you're saying their arbitration agreement can stand on its own I'm saying it does stand on its own. It's the only thing in that handbook addendum that has language like that in there I agree. We agree. How does the the Missouri Baker case? Affect this case. I'm sorry, the Missouri Baker versus Bristol case Baker versus Bristol here That that case is distinguishable for reasons stated in our brief but the the Baker versus Bristol care case this the the handbook here includes a provision that says And this is the other area in the district court's case I believe the Baker versus Bristol care case is the one that said promises are illusory because the the Company can change anything they want to any time they want to and the plaintiff says mutual agreements to arbitrate don't provide sufficient consideration Actually, the Missouri the current law of Missouri is that mutual promises to arbitrate absolutely can provide sufficient consideration and and the plaintiff brings up an issue of The the issue of the Ability of the company to change the handbook But there is an Eighth Circuit case on point tenant versus tenant health care Patterson versus tenant health care There is virtually no difference. I think it is the most similar case to this case It's based on Missouri law. The arbitration agreement was included in a handbook The handbook included a provision that applied to the whole handbook Unlike this handbook that says nothing in this handbook creates a contract it also had a provision right before the arbitration agreement says basically the company can amend or alter any of this and the court Concluded that the arbitration agreement stood alone Because the arbitration agreement was different in tone and language from the rest of the handbook And and it enforced the art this court enforced the arbitration agreement in that case Despite the fact that it was included in a handbook. We agree that simply issuing a handbook is not contractual That is contractual it says I agree Both you and the company agree to arbitrate claims final and binding arbitration We waive our right to a jury trial or judicial trial and we agree to and there are two delegation provisions But beyond that the language is contractual So your argument is is that even though there's that language about the company being able to unilaterally change the agreement? It doesn't apply to the delegation provision because it has contract the delegation provision has contractual language That cannot be changed The whole arbitration agreement has contractual language that I would argue if the if the company attempted to change it Retroactively this contractually binding agreement that would be a an improper attempt to alter the arbitration program first We didn't do that. And second of all, it would arguably be a breach of the good faith of and fair dealing duty in any contract This is a contractual provision that much like the provision in Patterson versus tenant health care is not subject to any provision in the contract that says the company can change things Of course in that case the person really saw it Right in tenant. The person really saw that's right and here they didn't so can't you easily distinguished in it? I don't know whether she did or didn't see it in this case Well the evidence in the council the only thing we got Sherry White's right you and I agreed Sherry White's affidavit And it sounds like at most she reviewed the whole deal and clicked through and if you read the clicking paragraph paragraph 7 Sounds like you never have to click on any of this stuff. You're not required to write and that's that's not a requirement She says she didn't remember doing it But her district court says you put forward nothing different on that. You know what the district court says She doesn't recall and you put forward nothing different. So what's what's the big deal? She is not Rick That's not a contractual requirement. It's not a legal requirement that someone actually review the document I mean there especially if you say in Missouri where we don't let handbooks be anything you got to review something Well, you got to agree to some I shouldn't say review you got to agree to something I would draw your attention to the major versus McAllister case from the Missouri Court of Appeals Where a click a browse wrap agreement was enforced and there's no dispute that the plaintiff didn't click on the document Nobody disputes that the plaintiff says I didn't click on it. The company said I know you didn't click on it You don't have to click on it because you clicked on something that says you understood You know, you understood the terms, right? Clicking on the actual document Although she had two opportunities to do that here is not a legal requirement on our first initial chicken and egg case Does our Nebraska machinery case? I think we say in plain language with that before compelling arbitration a court must first determine whether a valid arbitration agreement exists Doesn't that bind us on the chicken and egg issue and first we have to determine where there's an agreement And not go to the delegation like you want to set it up If there were no delegation clause here and the only delegation clause in the Nebraska case I believe was a reference to triple-a rules, which was being challenged in that case But if there were no delegation clause in this case, I would agree with you And and if you want to go to that issue, I can go to that issue There was an act by the company of presenting the document There was an act by Ms. Shockley of going through the required process There's no there, you know, she doesn't recall doing it, but she doesn't say she didn't do it She doesn't recall doing it. Yeah, but you got no evidence to the contrary We have we have miss White's declaration saying she had to log in with which supports her I think more than you might you think paragraph 7 you ought to face it. I Disagree that that that I I I disagree that there that miss White's declaration supports the plaintiff more than it supports us It lays out the process. I agree. It doesn't require her to click on the document But it says look nobody's claiming anybody impersonated miss Shockley here She is the one who went through this process and she's not claiming otherwise suppose suppose though that instead of having clicked through having reviewed it suppose that the employees told the employee handbook is available in the HR office or in a manager's office and That's that's it. And you'd have the exact same employee handbook Would we be enforcing the delegation clause under those circumstances? I agree if there was no act by miss Shockley And there are many cases that say simply issuing an employee handbook If you send out an email to your employees and say hey come see the HR office Come see the employee handbook in the HR office and the fact that that contains an arbitration agreement with the delegation clause wouldn't help me Right, and that's not what happened here, though We have all these would it be more similar if going to the office you sign your name by a Line that says you got a copy That would be better for me if we thought was what happened here, but that's also not what happened here here We actually made the document accessible to her two different times during this process and she clicked at the end saying I've read it I've completed my review of the policies that contained an arbitration agreement that contained a delegation clause With if there are no further questions right now, I'm going to reserve the remainder of my time Thank You. Mr. Russell Miss Crimmins May It please the court and good morning, Your Honors, Virginia Stevens Crimmins on behalf of Appley Jennifer Shockley along with my colleague and husband Matthew Crimmins The federal arbitration act was enacted to uphold the sanctity of agreements Counsel could you pull your mic just a little bit closer to you? Is that better? Yes. Yes. Thank you Parties can only submit those disputes to arbitration which they have agreed to arbitrate So when a party contests whether an agreement has been concluded We would submit that this must be a threshold district for the district court to determine if there is no concluded agreement to arbitrate The FAA should not even come into play and we wouldn't be discussing a delegation provision In this case the district court properly determined that there was no concluded agreement between the parties as there was no offer or acceptance And we've also asserted there was no consideration But even if the court adopts the outline just proposed by prime lending and I think skips to the second step That's outlined in Renner Center and Buckeye the employees in this case properly challenged the delegation provision I think we first have to look at the FAA The purpose of the federal arbitration act was not to rewrite the law on contracts But simply intended to overcome judicial hostility to the arbitration process We didn't throw away traditional contract laws We didn't modify the Constitution to say that parties don't have a right to be heard by an article 3 judge The concept is the parties have to agree. I would posit that this case Really kind of falls to Granite Rock company and we cited that case in page 12 and 13 of our brief Granite Rock interestingly is decided three days after Renner Center by Justice Thomas and in Granite Rock The question was when was the contract formed because the date the parties disagreed about when they'd actually reached the agreement Impacted whether or not the arbitration agreement was was critical and Justice Thomas writes again confirms that arbitration is a matter of contract and He's he's saying in this case that we were not Intending in Buckeye or Renner Center to override the principal concern that a court can only submit to arbitration Those those agreements that parties agreed to so I think in Granite Rock when Justice Thomas says look the question of when a contract is formed was properly for the district court because it went to whether the parties agreed is pivotal here and Buckeye and Renner Center Expressly excluded in their footnotes the question of whether or not a contract was concluded between the parties to do so in my mind Ignores the express language of the FAA without an agreement We don't get to the FAA so I believe the United States Supreme Court consistent with Nebraska machinery Has said the first question is is there a concluded agreement between the parties now? How do we define concluded? I don't think that's defined. I do agree. Maybe the only thing I might agree with posing counsel on is that it's a little murky and I would posit that maybe the line we need to draw is have the elements of a contract been met as Practitioner if I'm gonna file a breach a contract case in a court of law and I'm gonna say there's a contract in the state Of Missouri I have to show there's offer Acceptance and consideration never make it to the next hurdle unless I show those three things then I have a concluded contract now somebody can come in and take objection that I have met those three elements and then I think that's going to be an issue for the district court or they can Come in and say, you know what? There's a question about whether this contract was formed under the duress of fraud or perhaps it violates public policy I think of those more of the affirmative defenses that you would plead you haven't met conditions precedent to enforce this agreement and in those Circumstances, that's when we could agree if we have an agreement to delegate questions to an arbitrator again It all comes back to I have to have an agreement to go to arbitration First and foremost and so I think that framework is exactly what this court has already decided in Nebraska machinery and What judge Whipple applied in this case? First question is has an agreement between the parties been concluded. So take us through then the elements I mean, I think that that's the the the nub of the case is offer acceptance consideration and you heard opposing counsel go through those What what's your view of the the case? Missouri black letter law is generally a handbook doesn't constitute an offer and I don't hear defendant up here saying that every single document My client reviewed creates a binding contract between his Client and my clients and his client would probably scream bloody murder if that was the case There is a general rule for a reason policies are not typically contracts So in Missouri courts when they want to make it an offer there has to be a step more and if you look at the cases Cited in the brief a lot of times there was a ripout sheet of paper from the handbook where parties signed a separate arbitration agreement It was different type of bold-faced documentation One case allowed an opt-out procedure So go ahead review our documents and then if you don't like it if you don't want to agree You have to go here to opt out. I believe that was car zone They didn't have an opt-out procedure here So, I think there's nothing in this process my clients affidavits that were submitted in contrast to miss white's affidavit They thought they were taking classes They didn't understand that this was a contract and and the court found That in this circumstance under the factual information the handbook was provided for informational purpose Suppose suppose the click-through said I have reviewed all of the documents and I accept All of the terms and you click that on with regard to the employee handbook I absolutely think I have a tougher case standing here. Now, maybe there's some other circumstance But I think it's very common in our electronic age that we can do an electronic signature We can accept we can agree my clients just simply reviewed a document And so in my mind that correlates to me as a lawyer I get a settlement offer via email from opposing counsel and I confirm with them I have received and reviewed your offer and that's all I say So I guess my point is doesn't this make for a hard case? I mean you might have a good case on acceptance because there's no there's no acceptance but on offer I mean, it's kind of like the the offer you get from the other side It seems like they were trying to make an offer They just didn't have at least under your theory a mode of communicating the acceptance on your on the part of your client I think it's both I think when you're reviewing a handbook that the very first sentence in the handbook says This is our policies and procedures and they are subject to review and change I struggle to how my clients are supposed to intercept that certain paragraphs of this I mean in the same document, there's policies on vacation pay and breastfeeding and time off And they're supposed to extract that a couple pages of this document constitutes a contract and the rest of it doesn't There's nothing in that intro sentence that excludes the delegation provision or that excludes the arbitration of provision now, I think if prime lending had wanted to make that paragraph not apply to the arbitration clause or Delegation provision, I think they could have modified that sentence to read something like Everything in here is a policy subject to change at our will with or without notice Except for the arbitration clause and delegation provision and we are you know, agreeing everybody's going to be bound by this You could have rewritten that language, but that's that's not what happened here. So I do struggle a little bit with that language I think acceptance is the stronger argument I think we turn contract law on our head if we if simply reviewing a document Equates to acceptance without anything more and in this case, there was nothing more. They got certificates that they had completed a review To me those certificates look more like my my clients understanding that they completed a class But I think the court in this case gave the benefit of the doubt and said look at best the evidence this factual finding is that your clients reviewed the document and Legally is simply reviewing a document sufficient to create a contract and I respectfully suggest the answer is no And I don't think that the defendants have provided any argument or evidence to overcome The district courts factual finding under a clearly erroneous standard with respect to offer acceptance Consideration I think the court alluded he was not going there, but I do think there's a lack of consideration What about continued employment counsel the Berkeley case? Missouri's very at will and very sticking around here. You agree to everything Well, I think that continued employment is not consideration But I think that's not the really even the issue in my mind on this case It is the lack of mutual promises. So the very first sentence on the very first page of the handbook addendum It's at the appendix at page 128 It says any company practice policy procedure or provision in or referred to in this addendum May be modified amended or deleted by the company at any time with or without notice now He's standing up here today and saying oh, no, we're not going to change it. But how do my clients know that? At what point does he get to change it? I would actually posit. Well, it hadn't been changed, right? There's no record actually posit with their brief to this court. They did change it Oh very last a brief changes of employee policy. Well, they asked this. I don't think you want to go there Go ahead They asked this court to determine The merits based question of whether or not my clients have waived a class and collective action Argument if this court determines that there's an enforceable delegation clause That issues for an arbitrator to side not the 8th Circuit unless we've modified the delegation clause To now allow a court to decide the question of class or collective action waiver That's all I mean by I don't know whether I mean I don't I don't think it's appropriate that they modify it But some of the arguments they've presented asking judges to make determinations of questions makes me think that they're splicing and dicing who were delegating certain issues to and Any evidence she would have been fired or considered for firing or anything like that if you didn't complete this stuff They were not told anything like that There's no evidence in the record that they were advised that this was a contract that they had to accept In fact, if you look in the appendix and I can try to find that page for you We had the offer letter that our clients received and it was very much Here's your offer and bottom of that they had to check a box that says I accept employment and sign off on it That would be a an arbitration. It is at will though, right? It is at will. Yes, correct So I do want to spend a last couple minutes here though talking about This severability concept. I think if we ignore Granite Rock and Nebraska machinery, which I would respectfully request the court not do But let's say we jump right to Renner Center and Buckeye and talk about severability and pulling out the delegation clause The reason Buckeye and Renner Center work in that context is because the parties had already agreed they had a concluded agreement There was no dispute about what that looked like Here I kind of feel like prime lending's argument is if I wave a piece of paper in front of this court that says delegate arbitrator Contract formation, but that's all I have to have There's nothing more required and I would respectfully disagree with that if we're gonna pull out languages We have to pull out everything that kind of gives us the sense of a contract. In a typical setting I would pull out the signature lines. Of course, we don't have those here You know in a standard contract you might see the intro clause that has the names of the parties, the date they entered their agreement I would I would say you've got to pull out that. Again, we don't have that here So maybe you pull out the intro to the handbook addendum Which at least identifies prime lending CEO and its employees and I think it might have a date on there But I think you also have to pull out the boilerplate Provisions that apply to the delegation clause and so that would in fact include this provision where they agree to modify it Don't agree to be bound by it at any time Additionally just one kind of final point that was never even reached by the district court We did argue directly that the delegation clause was improper In fact, if you look at the appendix, we filed a brief completely on the delegation clause We didn't even move on anything else The court ordered us to file all of our arguments against we filed an amended brief that addressed the delegation clause arguments as well as the arguments attacking the arbitration agreement and We had argued in addition to the fact that there was no agreement to conclude it. There was no agreement to delegate There was no agreement to arbitrate that the terms of the delegation clause were unclear complex and beyond the understanding of a layperson and therefore unconscionable the court never reaches that argument if If for some reason the court's order is not affirmed in this case that issue I think should be taken up by the district court because we did we did make other arguments to the delegation clause If there are no further questions, that is all I have I see none. Thank you, your honor. Thank you, Ms. Crimmins. Will you rebuttal? Thank you The plaintiff seems to be claiming in this case that formation issues What I'm hearing is that formation issues like offer acceptance and consideration can never be delegated to the arbitrator and that's not the law That's not what Renner Center says It's not what the two Missouri Supreme Court cases say Pinkerton and Soars say that formation issues Specifically can be delegated to the arbitrator now. I agree if Prime Lending just wrote arbitration delegation on a piece of paper and waved it in front of this court with no evidence that there was ever any Presentation of that document to Ms. Shockley or action by Ms. Shockley with respect to that document You know, that's that's something that court could say Ms. Shockley didn't even participate in anything here But that's not the case here here If there's any case where formation issues should be delegated to the arbitrator This is that case because there is no real dispute that there was a process that was completed that involved the company Presenting the document and to Ms. Shockley whether she clicked on it or not They presented it to her two different times in this in this process She clicked at the end saying she had read it and where's the language right reviews the language. It says I agree It's in she's read it and the language that says I agree is actually in the document. It's the document says You and the company agree to attempt in good faith to resolve the covered dispute exclusively through final and binding arbitration For all covered disputes both you and the company waive their right to a trial by jury or before a judge in a court of law That's that is one of the errors in the district courts opinion The district court said contractual language is not present and and the language that I just read you Along with some other places in the arbitration clause is present I want us to talk about the other error It's very clear error in the district courts opinion Which is the district court points out and the plaintiff continues to rely in in her appellate brief on This idea that the handbook addendum did not itself denies contract formation And that's not the case the the denial of contract formation that is cited by both the plaintiff and the district court is actually on The page before the arbitration clause and it applies only to the progressive discipline process It says this process does not establish a contract There's nothing at the beginning of the handbook says nothing in this handbook is a contract I think that actually helps us more than it helps the plaintiff because it implies that perhaps other provisions Such as the next page where it says I agree Are intended to be contractual in nature. I see that I've out of time. So I'll sit down unless there any further questions Thank You, mr. Russell Court wishes to thank both counsel for the argument you've provided to the court on a very picklist issue of arbitration Enforcement will take the case under advisement may be excused